Filed 5/7/14  P. v. Cordova CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059350 |
| v. | (Super.Ct.No. FSB705057) |
| DENNIS CORDOVA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Affirmed.

Helen Simkins Irza, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Dennis Cordova was sentenced to time served and 24 months of probation and ordered to pay $32,690 in restitution after pleading guilty to misdemeanor

1

theft by false pretenses. (Pen. Code, § 532, subd. (a).)[1] Defendant lied to the Veteran's Administration about his physical disability in order to obtain free rides to medical appointments. Defendant appeals from the trial court's denial of his petition for *coram nobis*, in which he sought to vacate the plea agreement and withdraw his guilty plea on the ground that the prescription medication Seroquel he was taking at the time of the plea impaired his ability to think rationally. As discussed below, we affirm the trial court's ruling on the petition.

## FACTS AND PROCEDURE

From 2005 to 2007, defendant received free transportation from his home in Kern County to medical appointments at the Veterans Affairs Medical Center in Loma Linda. Defendant obtained this service fraudulently by telling his doctor, and later a nurse who called to confirm his eligibility, that he was wheelchair bound. Defendant's medical file documented problems with defendant's knees and joints that would have affected his mobility.

On December 14, 2007, the People filed a felony complaint alleging defendant committed theft by false pretenses. Defendant was arraigned on that charge on January 24, 2008 and pled not guilty.

On October 2, 2008, defense counsel expressed doubt about defendant's competency to stand trial and requested a section 1368 evaluation. The trial court granted the request. On May 15, 2009, the trial court declared defendant incompetent

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and suspended the criminal proceedings.  On August 26, 2010, the trial court ordered defendant committed to Patton State Hospital for treatment.

On May 27, 2011, the trial court found that defendant had been restored to mental competence and reinstated the criminal proceedings.

The preliminary hearing took place on June 15, 2011.  A special agent for the Department of Veterans Affairs testified that one of defendant's neighbors contacted his office to report that defendant "was faking his disability and was not wheelchair bound." The neighbor stated defendant used crutches to get around but drove on a daily basis, was physically active when maintaining his property, and only acted disabled when it was time to get his free ride to medical appointments.  In November 2007, the special agent went to defendant's home on the pretext of being a potential purchaser of the home and observed defendant driving and moving around quickly on his crutches.  The special agent contacted the transportation manager for Loma Linda Hospital, who found that defendant had received 97 trips to and from the VA hospital between October 2005 and November 2007 at a total cost of $32,690, or about $340 per trip.

On September 8, 2011, defendant pled guilty to the lesser-included charge of misdemeanor theft by false pretenses.  The court sentenced defendant, as agreed in the plea agreement, to 379 days of time served and 24 months of probation, with $32,690 in victim restitution.

On August 10, 2012, defendant filed an *in pro per* petition for writ of *coram nobis* seeking to vacate the plea bargain agreement and withdraw his guilty plea. The basis for the petition was that he was heavily medicated and unable to think rationally at the time

he signed the plea agreement because he had been taking Seroquel.  The court found a prima facie case for relief and appointed the public defender to represent defendant.

The People filed their opposition on May 17, 2013.  The People argued the petition should be denied because both defendant and the court were aware that defendant was being given Seroquel at the time of the guilty plea and the Seroquel was in fact beneficial to defendant because it made him competent to stand trial.

The trial court held a hearing on defendant's petition on July 3, 2013.  The court concluded that the Seroquel had helped defendant regain his competency, that the dosage was within therapeutic levels, and that the day after the plea a psychiatrist examined defendant and found his mental status and judgment to be good.

This appeal followed.

### DISCUSSION

We appointed counsel to represent defendant on appeal.  After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

4

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

MILLER
J.

5